UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SERGIO & MARIA CARDENAS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:17-cv-342** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(U.K.) SE, THE LITTLETON** | § | |
| **GROUP WESTERN DIVISION, INC.** | § | |
| **AND PHILLIP RYAN CASEY,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (UK)

SE ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    BACKGROUND

1.     On March 22, 2017, Plaintiffs Sergio and Maria Cardenas ("Plaintiffs") filed this

action in the 224th Judicial District Court of Bexar County, Texas, bearing Docket Number

2017CI05267 (the "State Court Action").  Plaintiffs' Original Petition, filed on March 22, 2017,

is the live pleading in this case.[1]

2.     Great Lakes was served on March 24, 2017.  Thus, this Notice of Removal of the

case to the United States District Court is timely filed by Great Lakes, it being filed no more than

thirty (30) days after service of Plaintiffs' Original Petition on Great Lakes, in accordance with

28 U.S.C. §§ 1441 and 1446.

---

[1] A copy of Plaintiffs' Original Petition is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2.**

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and the properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between Plaintiff and the Properly-Joined   Defendant, Great Lakes.

4.      Plaintiffs' state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Upon information and belief, Plaintiffs are citizens of Texas.  Plaintiffs state in their Original Petition that the Plaintiffs own the property located at 9815 San Pedro Avenue, San Antonio, Texas 78216 that forms the basis of this suit.[2]

6.      Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in the United Kingdom; therefore, Great Lakes is a citizen of the United Kingdom.

7.      Thus, there is complete diversity of citizenship between Plaintiff and the properly joined defendant, Great Lakes.

### B.     Littleton and Casey were Improperly Joined.

#### i.     *Applicable standard for improper joinder.*

8.      The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[3] Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only

---

[2] *See* Original Petition, pg. 1.
[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[4]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[5]  Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[6]  "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[7]  "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[8]

9.     Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[9]  In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10]  "This possibility [of recovery], however, must be reasonable, not merely theoretical."[11]  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[12]

[4] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[5] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[6] *Smallwood*, 385 F.3d at 572.
[7] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[8] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[9] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[10] *Smallwood*, 385 F.3d at 572.
[11] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[12] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

3

10.     The Fifth Circuit recently held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd* that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[13] A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[14] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[17]

11.     To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[18] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[20] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[21] "Threadbare recitals of the elements

---

[13] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[15] *Id.*
[16] *Id.* at 678.
[17] *Id.*
[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[20] *Collins*, 224 F.3d at 498.
[21] *Twombly*, 550 U.S. at 555 (emphasis added).

4

of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[22]

> ## ii. There is no reasonable basis for the Court to predict Plaintiff might be able to recover against Littleton and Casey; therefore, Littleton and Casey were improperly joined.

12. Plaintiff has asserted the following claims against Littleton and Casey: (1) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (2) violation of Sections 541.060(a)(2)(A), 541.060(a)(3)[23], 542.003(3), and 542.003(4) of the Texas Insurance Code; (3) fraud; and (4) negligence.[24] There is no reasonable basis to predict that Plaintiffs can recover on any of these claims against Littleton or Casey, the adjusting firm and adjuster of the claim at issue in this case. Therefore, Littleton and Casey were improperly joined.

> ### a. Plaintiffs fail to state a claim upon which relief may be granted against Littleton or Casey under the DTPA.

13. There is no reasonable basis to believe that Plaintiffs can recover under their DTPA claim because neither Littleton nor Casey were involved in the sale or provision of an insurance policy to Plaintiffs, and Plaintiffs have not and cannot allege that Littleton or Casey made any representations that induced Plaintiff into the purchase of an insurance policy.

14. Only a "consumer" can maintain a cause of action directly under the DTPA.[25] A "consumer" is defined as one "who seeks or acquires by purchase or lease, any goods or services."[26] Plaintiffs cannot allege that Littleton or Casey sold or provided any goods or services to Plaintiffs or made any representations in an attempt to sell or provide any goods or services to Plaintiffs. As Plaintiffs admits in their Original Petition, Great Lakes was the party

---

[22] *Iqbal*, 556 U.S. at 667.
[23] Violation of Section 541.060(a)(3) is specific only to Casey.
[24] Plaintiffs' negligence cause of action is specific only to Casey.
[25] *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000) (citing Tex. Bus. & Com. Code § 17.50(a); *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351 (Tex. 1987)).
[26] *Id.* (citing Tex. Bus. & Com. Code § 17.45(4)).

5

who "sold the Policy, insuring the Property, to Plaintiffs."[27]  Littleton is an adjusting company hired to provide an estimate of the property damage, and Casey was the specific adjuster assigned to inspect the property.[28] Plaintiffs have not and cannot allege Littleton or Casey have a contractual relationship with Plaintiffs, and Plaintiffs have not and cannot allege Littleton and Casey have engaged in any attempt to sell goods or services to Plaintiffs.  Therefore, there is no reasonable basis to predict that Plaintiffs can recover against Littleton or Casey for alleged violations of the DTPA.

> **b.  Plaintiffs fail to state a claim upon which relief may be granted against Littleton or Casey for allegedly violating Sections 541.060(a)(2)(A) or 541.060(a)(3) of the Texas Insurance Code.**

15.     There is no reasonable basis to predict that Plaintiffs can recover on their claim that Littleton and Casey violated Section 541.060(a)(2)(A) or that Casey violated Section 541.060(a)(3) of the Texas Insurance Code because all of Plaintiffs' allegations relate to the inspection of the Property, not details of the policy or coverage at issue.

16.     Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: a claim with respect to which the insurer's liability has become reasonably clear."[29]   However, federal courts that have squarely addressed this provision, finding that this section applies only to insurers.[30]   In *Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Company*, the plaintiff brought a cause of action under Section

---

[27] *See* Original Petition, pg. 3.
[28] *Id.* at pg. 4.
[29] TEX. INS. CODE § 541.002(a)(2)(A).
[30] *See, e.g., Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.' ") (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D.Tex.2014)) *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016).

6

541.060(a)(2)(A) against two adjusters, in addition to the insurer.[31]   The court held that the plaintiffs could not recover against the adjusters under Section 541.060(a)(2)(A), as "an adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer."[32]   Similarly, the court in *Messersmith v. Nationwide Mut. Fire Ins. Co.* stated that, "[i]n essence the section forces <u>insurance companies</u> to pay a claim when the evidence is 'reasonably clear' that it must."[33]   The court further held "[the adjuster] cannot be held liable under [Section 541.060(a)(2)(A)] because, as an adjuster, Zimmer does not have settlement authority on behalf of Nationwide; her sole role is to assess the damage. Consequently, this fails to state a claim against her."[34]   In this case, all of Plaintiffs allegations regarding Littleton and Casey relate to their role in assessing the damage to the Property. Because Plaintiffs have not and cannot allege either Littleton or Casey have authority to settle or pay an insurance claim of Plaintiffs, there is no reasonable basis to predict that Plaintiffs can prevail on their Unfair Insurance Practice Claim under Section 541.060(a)(2)(A).

17.     Plaintiffs also allege that Casey violated Section 541.060(a)(3) by "failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim."[35]   However, federal courts have held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[36]   Plaintiffs have not and cannot allege that Casey, as the adjuster, had an obligation to provide Plaintiffs with a reasonable

---

[31] *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014).
[32] *Id.* at *4.
[33] *Messersmith*, 10 F.Supp.3d at724 (emphasis added).
[34] *Id.*
[35] *See* Original Petition, pg. 12; TEX. INS. CODE § 541.060(a)(3).
[36] *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)

explanation of the basis in the policy for the insurer's determination regarding the claim, or that Casey had authority to offer a compromise or settlement of the claim. Additionally, this provision is aimed at the timeliness of communications to an insured.[37]  But none of Plaintiffs' allegations against Casey assert that he was untimely or slow to act; rather Plaintiffs complain that Casey's investigation was "substandard" and "improper."[38]  Therefore, Plaintiffs failed to state a claim against House under Section 541.060(a)(3).

18.     Further, several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[39]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[40]  Additionally, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[41]

19.     Specifically, the Southern District of Texas has held on numerous occasions that, when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[42]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate. . . . These

---

[37] *See* TEX. INS. CODE § 541.060(a)(3); *Lopez*, 197 F. Supp. 3d at 950.
[38] *See* Original Petition, at pg. 4.
[39] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[40] *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex.2014)).
[41] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[42] *Nasti*, 2014 WL 710458, at *3.

8

actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[43]   Based on this conclusion, the court determined the adjuster was improperly joined and denied the plaintiffs' motion to remand.[44]   Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co*., the Southern District dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[45]

20.     The allegations in this case are no different.  Plaintiffs allege that Littleton and Casey conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Plaintiffs have failed to state claim against Casey and Littleton.  Just as in the cases cited above, all of Plaintiffs' allegations regarding Casey and Littleton relate solely to the facts regarding the inspection of the property. Beyond merely tracking the language of the Insurance Code, which is insufficient to state a claim upon which relief may be granted, Plaintiffs make no factual allegation that Casey or Littleton performed any action in contravention of Sections 541.060(a)(2)(A) or 541.060(a)(3) of the Texas Insurance Code.[46]   Moreover, Plaintiffs do not allege Casey and Littleton had authority to settle claims or make coverage determinations.  Rather, they allege Great Lakes was the party who ultimately denied payment for the claim.  Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict that Plaintiffs can recover against Casey or Littleton for alleged violations of Sections 541.060(a)(2)(A) and 541.060(a)(3)  of the Texas Insurance Code.

---

[43] No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[44] *Id*.
[45] No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).
[46] *See TAJ Properties, LLC v. GAB Robins North America, Inc*., 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

9

      **c.**      **Plaintiffs fail to state a claim upon which relief may be granted against Littleton or Casey for allegedly violating Sections 542.003(b)(3) or 542.003(b)(4) of the Texas Insurance Code.**

21.     Section 542.003 of the Texas Insurance Code specifically limits recovery for violations to insurers and neither Littleton nor Casey are insurers.  Specifically, section 542.003(b)(3) provides that certain acts *by an insurer* constitutes unfair settlement practices, including "failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies."[47] Section 542.003(b)(4) provides that *an insurer* will be engage in an unfair settlement practice by "not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear." Tracking the language of the insurance code, Plaintiffs allege that Littleton and Casey violated these provisions by knowingly and/or recklessly underestimating or undervaluing the Plaintiffs' damages and by failing to attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  However, Texas courts have held that these provisions apply only to insurers and  not to adjusters.[48]  Given that these causes of action are not applicable to adjusters under Texas law, neither Littleton nor Casey can be held liable under Section 542.003(b)(3) or Section 542.003(b)(4) of the Texas Insurance Code.

      **d.**      **Plaintiffs fail to state a claim upon which relief may be granted against Littleton or Casey for common-law fraud.**

---

[47] TEX. INS. CODE § 542.003(b)(3) (emphasis added).
[48] *See Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016).

22.    In order to successfully sustain a claim for fraud, a plaintiff must show that the defendant (a) made a representation to the plaintiff; (b) the representation was material; (c) the representation was false; (d) when the representation was made, the defendant knew the representation was false or made the representation with reckless disregard for its truth; (e) the defendant made the representation with the intent that the plaintiff act on the representation; (f) the plaintiff relied on the representation; and (g) the representation caused injury to the plaintiff.[49]

23.    Here, Plaintiffs merely attempt to track the language of some of the elements of common-law fraud without supplying any factual basis on which Plaintiffs can rely to have an actionable cause of action for fraud against either Littleton or Casey.  Plaintiffs' Complaint is totally devoid of any facts indicating Plaintiffs took any action other than purchasing insurance from Great Lakes.  Additionally, Plaintiffs do not allege Littleton or Casey were involved in the sale of the insurance policy at issue or the sale of any insurance policies at all.  Because Plaintiffs have not established, and cannot establish, the elements necessary for a fraud claim against Littleton or Casey, there is no reasonable basis to predict that Plaintiffs can prevail on this claim against Littleton or Casey.

　　　　　　e.　　**Plaintiffs fail to state a claim upon which relief may be granted against Casey for negligence.**

24.    Plaintiffs allege "Casey was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the State of Texas."[50]  Plaintiffs continue to cite a conclusory lists of actions that constitute Casey's violation of "the standard of care for an insurance adjuster."  Plaintiffs' allegation of negligence

---

[49] *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011).

[50] Original Petition, pg. 15.

11

against Casey revolve around Casey's alleged failure to conduct a reasonable inspection. Texas law, however, does not recognize a cause of action for negligent insurance claims handling against insurance adjusters.[51]   Even if Texas law did recognize such an action against an insurance adjuster, Plaintiffs' petition lacks any factual basis for its negligence claim against Casey. Therefore, there is no reasonable basis to predict that Plaintiffs can prevail on this claim against Casey.

### C.    Amount in Controversy Exceeds $75,000.

25.    Plaintiffs are seeking "monetary relief of no less than $200,000,00, but no more than $1,000,000.00."[52]   Because the face of the Complaint establishes that Plaintiffs seek damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

26.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace 224th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

### IV.    ADDITIONAL REQUIREMENTS

27.    Great Lakes has provided notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record, and has also provided notice to the Clerk of Court for the 224th Judicial District Court of Bexar

---

[51] *Zimmerman v. Travelers Lloyds of Texas Ins. Co.,* No. 5:15-CV-325, 2015 WL 3971415 (W.D. Tex. June 30, 2015) (citing *Rooters*, 428 F. App'x at 448 (holding that an insurance company could not be found liable for negligent claims handling); *French v. State Farm Ins. Co*., 156 F.R.D. 159, 162 (S.D. Tex. 1994) (holding that an insurance adjuster could not be held individually liable for negligent claims handling); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916 (Tex. App.—Dallas 1997) (Claims that an independent adjusting firm negligently investigated a claim against an insured "must also fail as a matter of law."), overruled on other grounds by *Apex Towing Co. v. Tolin*, 41 S.W.3d 118 (Tex. 2001)).
[52] *See* Original Petition, at 21.

12

County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

28.     Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[53]

29.     Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

**Exhibit A**:            Listing of All Parties and Counsel of Record;

**Exhibit B**:            Civil Cover Sheet;

**Exhibit C**:            Index of All Documents Filed in State Court Action;

**Exhibits C-1–C-3**:     Copies of all filings in State Court Action and State Court Docket Sheet;

**Exhibit D**:            List of Actions Being Removed.

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE), prays that this matter be removed to the United States District Court for the Western District of Texas, San Antonio Division, for further proceedings and disposition.

---

[53]     *See* **Exhibit C**:  Index of All Documents Filed in State Court Action.

13

Respectfully submitted,

By:   */s/ Valerie Henderson*
  **Eddy De Los Santos**
  Texas Bar No. 24040790
  Federal ID No. 602417
  **Valerie Henderson**
  Texas Bar No. 24078655
  Federal ID No.  1392550
  **BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ. P.C.**
  1301 McKinney Street, Suite 3700
  Houston, Texas 77010
  (713) 650-9700 - Telephone
  (713) 650-9701 - Facsimile

  *Attorneys for Defendants Great Lakes*
  *Insurance SE (formerly known as Great*
  *Lakes Reinsurance (UK) SE)*

## CERTIFICATE AND NOTICE OF FILING

   I certify that on April 18, 2017, the Notice of Removal was sent to the District Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

   */s/ Valerie Henderson*
   Valerie Henderson

14

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 18, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

Chad T. Wilson
Kimberly Blum
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
**CMRRR No. 7016 0600 0001 0927 2302**

David P. Wilson
Provost Umphrey Law Firm LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
**CMRRR No. 7016 0600 0001 0927 2319**

*/s/ Valerie Henderson*
Valerie Henderson

15