# EXHIBIT C

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---|---|---|
| C-1 | | STATE COURT DOCKET SHEET |
| C-2 | 03-22-2017 | PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE, CIVIL COVER SHEET AND CITATION SERVICE REQUEST |
| C-3 | 03-24-17 | CITATION ISSUED TO THE LITTLETON GROUP WESTERN DIVISION INC. |
| C-4 | 03-24-17 | CITATION ISSUED TO PHILLIP RYAN CASEY |
| C-5 | 03-24-17 | CITATION ISSUED TO GREAT LAKES REINSURANCE SE |
| C-6 | 04-03-17 | RETURN OF CITATION ISSUED TO THE LITTLETON GROUP WESTERN DIVISION INC. |
| C-7 | 04-10-17 | RETURN OF CITATION ISSUED TO GREAT LAKES REINSURANCE SE |
| C-8 | 04-17-17 | GREAT LAKES INSURANCE SE ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES |



## Case #2017CI05267

**Name**: SERGIO CARDENAS

**Date Filed** : 03/22/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 224

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : SERGIO CARDENAS ETAL

**Style (2)** : vs GREAT LAKES REINSURANCE SE ETAL

EXHIBIT C-1

# Case History

*Currently viewing 1 through 7 of 7 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 4/17/2017 | ORIGINAL ANSWER OF<br>GREAT LAKES INSURANCE SE, FORMERLY KNOWN<br>AS GREAT LAKES REINSURANCE (UK) SE AND<br>AFFIRMATIVE DEFENSES |
| S00003 | 3/24/2017 | CITATION CERTIFIED MAIL<br>PHILLIP RYAN CASEY<br>ISSUED: 3/24/2017 |
| S00002 | 3/24/2017 | CITATION CERTIFIED MAIL<br>THE LITTLETON GROUP WESTERN DIVISION INC<br>ISSUED: 3/24/2017 RECEIVED: 3/24/2017<br>RETURNED: 4/3/2017 |
| S00001 | 3/24/2017 | CITATION CERTIFIED MAIL<br>GREAT LAKES REINSURANCE SE<br>ISSUED: 3/24/2017 RECEIVED: 3/24/2017<br>EXECUTED: 3/30/2017 RETURNED: 4/10/2017 |
| P00003 | 3/22/2017 | PET FOR HAIL DAMAGE RESIDENTIAL<br>W/JD |
| P00002 | 3/22/2017 | JURY FEE PAID |
| P00001 | 3/22/2017 | SERVICE ASSIGNED TO CLERK 2 |

3 citcml-sac2 w/jd

## 2017CI05267

CAUSE NO. _____

| | | |
|---|---|---|
| SERGIO & MARIA CARDENAS, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | BEXAR COUNTY, TEXAS |
| GREAT LAKES REINSURANCE (U.K.) SE, | § | |
| THE LITTLETON GROUP WESTERN | § | |
| DIVISION, INC., AND PHILLIP RYAN | § | **224th** |
| CASEY, | § | |
| | § | _____ DISTRICT COURT |
| Defendants. | § | |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sergio & Maria Cardenas, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Great Lakes Reinsurance (U.K.) SE ("Great Lakes"), The Littleton Group Western Division, Inc. ("Littleton") and Phillip Ryan Casey ("Casey") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.      Plaintiffs, Sergio & Maria Cardenas, own the Property located in Bexar County, Texas that forms the basis of this lawsuit.

3.      Defendant, Great Lakes Reinsurance (U.K.) SE, is an Alien Corporation based out of London, England and engaged in the business of insurance in the State of Texas by

**EXHIBIT C-2**

permission of the Texas Department of Insurance.  Plaintiffs request service of citation upon Great Lakes Reinsurance (U.K.) SE through its registered agent for service:  **Drinker Biddle, 1177 Avenue of the Americas Fl 41, New York, New York, 10036-2714**. Plaintiffs request service at this time.

4.    Defendant, The Littleton Group Western Division, Inc., is a Texas Corporation and a third party adjusting company with the Texas Department of Insurance and is duly licensed to conduct business in the State of Texas.  Plaintiffs request service of citation upon The Littleton Group Western Division, Inc. through its registered agent for service:  **The Littleton Group, Western Division, Bldg. 1, Suite 550, 1250 S. Capital of Texas Hwy, Austin, Texas 78746**.  Plaintiffs request service at this time.

5.    Defendant Phillip Ryan Casey is an individual resident of Sugar Land, Texas.  Casey may be served with citation at the address listed with the Texas Department of Insurance**: 4715 Yorkshire Street, Sugar Land, Texas 77479**.  Plaintiffs request service at this time.

**JURISDICTION**

6.    The Court has jurisdiction over Great Lakes because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Great Lakes' business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

7.    The Court has jurisdiction over Littleton because this defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Littleton's business activities in the State of Texas, including those in San Antonio, Bexar County, Texas, with reference to this specific case.

2

8.      The Court has jurisdiction over Casey because this Defendant engages in the business of
        adjusting insurance claims in the State of Texas, and the causes of action arise out of this
        Defendant's business activities in the State of Texas, including those in Bexar County,
        Texas, with reference to this specific case.

**VENUE**

9.      Venue is proper in Bexar County, Texas because the insured property is located in Bexar
        County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
        in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

10.     Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of
        the Texas Insurance Code, negligence, gross negligence, and violations of the Texas
        DTPA.

11.     Plaintiffs own a Great Lakes Reinsurance (U.K.) SE commercial insurance policy, number
        GK15390611525 ("the Policy").  At all relevant times, Plaintiffs owned the insured
        premises located at 9815 San Pedro Avenue, San Antonio, Texas 78216 ("the Property").

12.     Great Lakes or its agent sold the Policy, insuring the Property, to Plaintiffs.  Great Lakes
        or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage
        for damage to Plaintiffs' property.  Great Lakes has refused the full extent of that coverage
        currently owed to Plaintiffs.

13.     On or about April 12, 2016, the Property sustained extensive damage resulting from a
        severe storm that passed through the San Antonio, Bexar County, Texas area.

14.     In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Great Lakes

against the Policy for damage to the Property.  Great Lakes assigned claim number MDC

42437 to Plaintiffs' claim.

15.     Plaintiffs asked Great Lakes to cover the cost of damage to the Property pursuant to the

Policy.

16.     Damaged areas of the property include, but are not limited to the paint, HVAC system,

gutters, downspouts, ribbed metal roofing areas, membrane, insulation and roof.

17.     Great Lakes assigned or hired Littleton to adjust the claim.  Littleton thereafter assigned

Casey to adjust the claim.

18.     Casey inspected the property on or about October 3, 2016.

19.     After inspecting the Property, Littleton and/or Casey generated an estimate of damages in

the net amount of $277.50.

a.   Littleton and/or Casey had a vested interest in undervaluing the claims assigned to

them by Great Lakes in order to maintain their employment. The disparity in the

number of damaged items in their report compared to that of Plaintiffs' is evidence

of fraud on the part of Littleton and/or Casey. The valuation of damages that were

included in Casey's report compared to Plaintiffs' is also evidence of fraud on the

part of Casey.

b.   Littleton and/or Casey made misrepresentations as to the amount of damage

Plaintiffs' Property sustained as well as misrepresentations regarding how much it

would cost to repair the damage to Plaintiffs' Property.

20.     Great Lakes, through its agents, namely Casey, conducted a substandard and improper

inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic

assessments of the cause, extent, and dollar amount of damage to the Property.

21.     Casey found that there was no damage from a covered peril to the roof of the property, and that all damage was from wear and tear, deteration, and lack of maintenace

22.     After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

23.     To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $70,734.83.

24.     Since due demand was made on December 15, 2016, Great Lakes has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

25.     As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Great Lakes failed to provide full coverage due under the Policy.

26.     As a result of Great Lakes' failure to provide full coverage, along with Great Lakes' delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

27.     Great Lakes failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Great Lakes refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

28.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance

Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Great Lakes and Plaintiffs.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

30.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

31.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Great Lakes, through its agents, servants, and representatives, namely Casey, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

32.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

33.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under

the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

34.    Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT
GREAT LAKES REINSURANCE (U.K.) SE**

**BREACH OF CONTRACT**

35.    All allegations above are incorporated herein.

36.    Great Lakes is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Great Lakes and Plaintiffs.

37.    Great Lakes failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

38.    All allegations above are incorporated herein.

39.    Great Lakes conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

40.     Great Lakes unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41.     Great Lakes unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42.     Great Lakes unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

43.     Great Lakes unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44.     Great Lakes unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45.     All allegations above are incorporated herein.

46.     Great Lakes conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

47.   Great Lakes failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48.   Great Lakes delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.   All allegations above are incorporated herein.

50.   Great Lakes conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

51.   Great Lakes failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Great Lakes knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

52.   All allegations above are incorporated herein.

53.   Great Lakes conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Great Lakes pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Great Lakes.  Specifically, Great Lakes violations of the DTPA include, without limitation, the following matters:

9

A.  By its acts, omissions, failures, and conduct, Great Lakes has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Great Lakes violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  Great Lakes represented to Plaintiffs that the Policy and Great Lakes adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Great Lakes also represented to Plaintiffs that the Policy and Great Lakes adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Great Lakes advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Great Lakes breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Great Lakes actions are unconscionable in that Great Lakes took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

Great Lakes unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Great Lakes conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

54.   Each of the above-described acts, omissions, and failures of Great Lakes is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

55.   All allegations above are incorporated herein.

56.   Great Lakes is liable to Plaintiffs for common law fraud.

57.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Great Lakes knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

58.   Great Lakes made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT PHILLIP RYAN CASEY

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

59. All allegations above are incorporated herein.

60. Casey's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

61. Casey is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Great Lakes, because Casey is a "person," as defined by TEX. INS. CODE §541.002(2).

62. Casey knowingly underestimated the amount of damage to the Property. As such, Casey failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

63. Furthermore, Casey did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

64. Casey's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

65. Casey's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

66.     All allegations above are incorporated herein.

67.     Casey's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Casey pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Casey. Specifically, Casey's violations of the DTPA include the following matters:

    A.     By this Defendant's acts, omissions, failures, and conduct, Casey has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Casey's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    B.     Casey represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

    C.     Casey represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, mainly he was inexperienced and only a trainee adjuster, in violation of section 17.46(b)(7) of the DTPA.

    D.     Casey's actions are unconscionable in that Casey took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Casey's

13

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Casey's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

68.    Each of Casey's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Casey, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

<strong>FRAUD</strong>

69.    All allegations above are incorporated herein.

70.    Casey is liable to the Plaintiff for common-law fraud.

    a.  Casey had a vested interest in undervaluing the claims assigned to him by Great Lakes in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' is evidence of fraud on the part of Casey. The valuation of damages that were included in Casey's report compared to Plaintiffs' is also evidence of fraud on the part of Casey.

    b.  Furthermore, Casey was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Casey had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.  Casey made misrepresentations as to the amount of damage Plaintiffs' Property

14

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

    d.  Casey used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, age, deterioration, lack of maintenance, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

71.    All allegations above are incorporated herein.

72.    Casey was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

    d.  Failure to identify the cost of proper repairs to Plaintiffs' Property; and

    e.  Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

73.    Casey's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

74.    At all relevant times, Casey was an agent or employee of Defendant Great Lakes.

75.   Casey's unreasonable inspection was performed within the course and scope of his duties with Defendant Great Lakes. Therefore, Great Lakes is also liable for the negligence of Casey through the doctrine of respondeat superior.

## CAUSE OF ACTION AGAINST DEFENDANT
## THE LITTLETON GROUP WESTERN DIVISION, INC.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

76.   All allegations above are incorporated herein.

77.   Littleton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

78.   Littleton knowingly or recklessly undervalued the Plaintiffs' damages. As such, Littleton failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

79.   Furthermore, Littleton did not attempt in good faith to affect a fair, prompt and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

80.   Littleton's unfair settlement practice of failing to attempt in good faith to make a prompt, fair and equitable settlement of the claim, even though USAA's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

81.   All allegations above are incorporated herein.

82.   Littleton's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
      Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods
      and services provided by Littleton pursuant to the DTPA.  Plaintiffs have met all conditions
      precedent to bringing this cause of action against Littleton.   Specifically, Littleton's
      violations of the DTPA include, without limitation, the following matters:

   A.   By its acts, omissions, failures, and conduct, Littleton has violated sections
        17.46(b)(2), (5), and (7) of the DTPA.   Littleton's violations include, (1)
        unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs'
        claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay
        for the proper repair of Plaintiffs' property when USAA's liability has become
        reasonably clear, which give Plaintiffs the right to recover under section
        17.46(b)(2).

   B.   Littleton represented to Plaintiffs that its adjusting and investigative services had
        characteristics or benefits they did not possess, which give Plaintiffs the right to
        recover under section 17.46(b)(5) of the DTPA.

   C.   Littleton represented to Plaintiffs that its adjusting services were of a particular
        standard, quality, or grade when they were of another, in violation of section
        17.46(b)(7) of the DTPA.

   F.   Littleton's actions are unconscionable in that Littleton took advantage of Plaintiffs'
        lack of knowledge, ability, and experience to a grossly unfair degree.  Littleton's
        unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3)
        of the DTPA; and

17

G.    Littleton's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

83.    Each of Littleton's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Littleton, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

84.    All allegations above are incorporated herein.

85.    Littleton is liable to Plaintiffs for common law fraud.

86.    Each and every representation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Littleton knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

87.    Littleton made these statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## KNOWLEDGE

88.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

89.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

90.   Since the claim was made, Great Lakes has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

91.   Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

92.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

93.    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

94.    The damage to Plaintiffs' Property is currently estimated at $70,734.83.

95.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

96.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

97.    For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Great Lakes owed, and exemplary damages.

98.    Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery

of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

99.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

100.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

101.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

102. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

103. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Bexar County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Great Lakes Reinsurance (U.K.) SE, The Littleton Group Western Division, Inc., and Phillip Ryan Casey, be cited and served to appear, and that upon trial hereof, Plaintiffs, Sergio & Maria Cardenas, have and recover from Defendants, Great Lakes Reinsurance (U.K.) SE, The Littleton Group Western Division, Inc., and Phillip Ryan Casey, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Sergio & Maria Cardenas, may be justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888
DWilson@pulf.com

ATTORNEYS FOR PLAINTIFFS

23

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

*SERGIO & MARIA CARDENAS VS. GREAT LAKES REINSURANCE (U.K.) SE, THE LITTLETON GROUP WESTERN DIVISION, INC., AND PHILLIP RYAN CASEY*

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information sheet must be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|

**1. Contact information for person completing case information sheet:**

Name:
Chad T. Wilson

Email:
cwilson@cwilsonlaw.com

Address:
1322 Space Park Drive, Suite A155

Telephone:
832-415-1432

City/State/Zip:
Houston, Texas 77058

Fax:
281-940-2137

Signature:
*Chad T. W.*

State Bar No:
24079587

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Sergio & Maria Cardenas

Defendant(s)/Respondent(s):
Great Lakes Reinsurance (U.K.), SE, The Littleton Group Western Division, Inc., and Phillip Ryan Casey
[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent:
_____

Non-Custodial Parent:
_____

Presumed Father:
_____

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: ___<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: ___ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br> ☐ Accounting<br> ☐ Legal<br> ☐ Medical<br> ☐ Other Professional<br>  Liability:<br>___<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br> ☐ Asbestos/Silica<br> ☐ Other Product Liability<br>  List Product:<br>___<br>☐ Other Injury or Damage: ___ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>___<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: ___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br> ☐ With Children<br> ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: ___ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>___ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>___ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ___ |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

# Gerard Rickhoff

COUNTY CLERK  BEXAR COUNTY

## BEXAR COUNTY COURT HOUSE
### SAN ANTONIO, TEXAS 78205
## CITATION SERVICE REQUEST

CASE NO.: _____

PLAINTIFF  SERGIO AND MARIA CARDENAS                    DATE  03/21/17

VS.

DEFENDANT   GREAT LAKES REINSURANCE (UK) SE, ET AL.

## PLEASE LIST **NAME, ADDRESS AND SERVICE TYPE** FOR **EACH DEFENDANT**.

CITATION:
1. NAME: GREAT LAKES REINSURANCE (UK) SE
ADDRESS: C/O DRINKER BIDDLE, 1177 AVENUE OF THE AMERICAS F141, NEW YORK, NY 10036-2714

| | | |
|---|---|---|
| A. | ☐ | PRIVATE PROCESS |
| B. | ☐ | SHERIFF |
| C. | ☑ | CERTIFIED MAIL |
| D. | ☐ | OUT OF COUNTY |
| E. | ☐ | MAIL TO ATTORNEY |

CITATION:
2. NAME: THE LITTLETON GROUP WESTERN DIVISION INC.
ADDRESS: 1250 S. CAPITAL OF TEXAS HWY, BLDG 1, SUITE 550, AUSTIN, TEXAS 78746

| | | |
|---|---|---|
| A. | ☐ | PRIVATE PROCESS |
| B. | ☐ | SHERIFF |
| C. | ☑ | CERTIFIED MAIL |
| D. | ☐ | OUT OF COUNTY |
| E. | ☐ | MAIL TO ATTORNEY |

CITATION:
3. NAME: PHILLIP RYAN CASEY
ADDRESS: 4715 YORKSHIRE STRET, SUGARLAND, TEXAS 77479

| | | |
|---|---|---|
| A. | ☐ | PRIVATE PROCESS |
| B. | ☐ | SHERIFF |
| C. | ☑ | CERTIFIED MAIL |
| D. | ☐ | OUT OF COUNTY |
| E. | ☐ | MAIL TO ATTORNEY |

CERTIFIED MAIL #70151660000034463059  **Case Number: 2017-CI-05267**

**SERGIO CARDENAS ETAL**

*Plaintiff*

**vs.**

**GREAT LAKES REINSURANCE SE ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

2017CI05267  S00002

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** THE LITTLETON GROUP WESTERN DIVISION INC

                    1250 S CAPITAL OF TEXAS HWY BLDG 1 550
                    AUSTIN TX 78746

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 22nd
day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF MARCH A.D., 2017.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



MO
3-24-17

**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 24th day of March 2017, A.D., at 12:04 o'clock P.M. and EXECUTED
(NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___,
by delivering to _____ a true copy of this
Citation, upon which I endorse the date of delivery, together with the accompanying
copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

**EXHIBIT C-3**

CERTIFIED MAIL #70151660000034463042  **Case Number: 2017-CI-05267**

2017CI05267  S00003

**SERGIO CARDENAS ETAL**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE ETAL**

*Defendant*

(Note: Attached document may contain additional litigants)

**CITATION**

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** PHILLIP RYAN CASEY

4715 YORKSHIRE ST
SUGAR LAND TX 77479-3978

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 22nd day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF MARCH A.D., 2017.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



NO
3-24-17

**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 24th day of March 2017, A.D., at 1:04 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

**EXHIBIT C-4**

CERTIFIED MAIL #70151660000034463066  **Case Number: 2017-CI-05267**

**SERGIO CARDENAS ETAL**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

2017CI05267   S00001

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE

> BY SERVING ITS REGISTERED AGENT, DRINKER BIDDLE
> 1177 AVE OF AMERICAS FL 41
> NEW YORK NY 10036-2714

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 22nd day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF MARCH A.D., 2017.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



MO
3-24-17

**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 24th day of March 2017, A.D., at 12:00 o'clock P.M. and EXECUTED
(NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___,
by delivering to _____ a true copy of this
Citation, upon which I endorse the date of delivery, together with the accompanying
copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED          **EXHIBIT C-5**

CERTIFIED MAIL #70151660000034463059  **Case Number: 2017-CI-05267**

2017CI05267  S00002

**SERGIO CARDENAS ETAL**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE ETAL**

*Defendant*                                   **CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** THE LITTLETON GROUP WESTERN DIVISION INC

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

10:04  **FILED**
_____ O'CLOCK _A_ M

APR 0 3 2017
DONNA KAY M°KINNEY
District Clerk, Bexar County, Texas
BY_____
                        **DEPUTY**

1250 S CAPITAL OF TEXAS HWY BLDG 1 550
AUSTIN TX 78746

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 22nd day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF MARCH A.D., 2017.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



**Donna Kay M°Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 24th day of March 2017, A.D., at 12:04 o'clock P.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ *See green card* _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M°Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED                    **EXHIBIT C-6**



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

7015 1660 0000 3446 3059

THE LITTLETON GROUP WESTERN DIVISION INC
1250 S CAPITAL OF TEXAS HWY BLDG 1 550
AUSTIN, TX 78746

2017CI05267  3/24/2017  CITCM  DEBRA CANTU

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE LITTLEFIELD GROUP WESTERN DIUISION INC
1250 S CAPITAL OF TEXAS HWY BLDG-1 550
AUSTIN, TX  78746

2017C105267  3/24/2017  CITCM  DEBRA CANTU

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1539 5362 4972 31

2. Article Number (Transfer from service label)

7015 1660 0000 3446 3059

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SCANNED AS FILED



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1539 5362 4972 31

United States
Postal Service

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2017 APR -3 A 10: 06

DEPUTY

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

CERTIFIED MAIL #70151660000034463066   **Case Number: 2017-CI-05267**

2017CI05267   S00001

**SERGIO CARDENAS ETAL**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE

**FILED**
10:11 O'CLOCK A M

APR 1 0 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY_____
DEPUTY

BY SERVING ITS REGISTERED AGENT, DRINKER BIDDLE
1177 AVE OF AMERICAS FL 41
NEW YORK NY 10036-2714

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 22nd day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF MARCH A.D., 2017.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



**Donna Kay McKinney**
**Bexar County District Clerk**

101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 24th day of March 2017, A.D., at 12:00 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 30 day of March A.D., 2017, by delivering to _Del Green Card_ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED

EXHIBIT C-7



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage
$

GREAT LAKES REINSURANCE SE
C/O DRINKER BIDDLE
1177 AVE OF AMERICAS FL 41
NEW YORK, NY 10036-2714

2017CI05267  3/24/2017  C1TCM  DEBRA CANTU

7015 1660 0000 3446 3066

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

GREAT LAKES REINSURANCE SE
C/O DR INKER BIDDLE-
1177 AVE OF AMERICAS FL 41
NEW YORK, NY 10036-2714

2017C105267  3/24/2017  CITCM  DEBRA CNTU

9590 9402 1539 5362 4972 24

2. 7015 1660 0000 3446 3066

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
3/30/12

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

SCANNED AS FILED



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1539 5362 4972 24

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 APR 10 A 9:14

BY

FILED
4/17/2017 3:19:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

Case 5:17-cv-00342-OLG   Document 1-3   Filed 04/18/17   Page 40 of 43

## CAUSE NO. 2017CI05267

| | | |
|---|---|---|
| **SERGIO & MARIA CARDENAS,** | § | **IN THE JUDICIAL COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(U.K.) SE, THE LITTLETON** | § | |
| **GROUP WESTERN DIVISION, INC.** | § | |
| **AND PHILLIP RYAN CASEY,** | § | |
| | § | |
| **Defendants.** | § | **224TH DISTRICT COURT** |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (UK) SE ("Great Lakes") files its original answer and affirmative defenses to Plaintiffs Sergio and Maria Cardenas' (collectively, "Plaintiffs") Original Petition (the "Petition").

## I.      GENERAL DENIAL

Defendant asserts its general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure to the allegations contained in Plaintiffs' Petition, and any amendments or supplements thereto, and upon trial of this case will require Plaintiffs to prove each and every allegation asserted against it by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

## II.      AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to satisfy certain conditions precedent in the insurance policy that forms the basis of this lawsuit, specifically, Plaintiffs failed to provide prompt notice of their claim as is required under the insurance policy.

EXHIBIT C-8

2.      Plaintiffs' claims are barred in whole or in part due to the terms, limitations, restrictions, exclusions, and endorsements contained in and to the Policy that forms the basis of Plaintiffs' suit.

3.      Plaintiffs' claims against Defendant are barred under the doctrines of settlement and release.

4.      Plaintiffs' claims are barred by the equitable doctrine of waiver.

5.      Plaintiffs' claims are barred by the election of rights doctrine.

6.      Plaintiffs' claims are barred by the "one satisfaction" doctrine.

7.      Plaintiffs' claims are barred by the economic loss rule.

8.      Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

9.      Plaintiffs' claims are barred in whole or in part by setoff.

10.     Plaintiffs failed to mitigate or minimize their alleged damages.

11.     Plaintiffs' claims are barred by the statute of frauds.

12.     Plaintiffs are not entitled to 18% statutory interest.

13.     Defendant's actions and omissions, if any, respecting the subject matters in the alleged causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, justified means to further the business purposes of Defendants.

14.     Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any.  Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and

Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 33.

16.     Defendant claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

16.     Any and all claims alleged by Plaintiffs are barred, in whole or in part, to the extent they seek an improper punitive damages award for an alleged single wrong because such an award would violate Defendant's rights guaranteed by the United States Constitution, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendant's rights to the Due Course of Law under the Texas Constitution.

17.     Plaintiffs are not entitled to punitive damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution, and the United States Constitution, all of which set limits on the award of punitive damages.

18.     Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

19.     Defendant reserves the right to later amend or add to these affirmative defenses.

### III.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (UK) SE respectfully requests the Court enter judgment that Plaintiffs take nothing in their suit, the Court enter an order dismissing Plaintiffs'

suit with prejudice, Defendant recovers its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Valerie Henderson*

**Eddy De Los Santos**
Texas Bar No. 24040790
**Valerie Henderson**
Texas Bar No. 24078655
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (UK) SE*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, a true and correct copy of the foregoing was served on all counsel of record via facsimile and/or e-service pursuant to the Texas Rules of Civil Procedure.

Chad T. Wilson
Kimberly Blum
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432

David P. Wilson
Provost Umphrey Law Firm LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000

*/s/ Valerie Henderson*
Valerie Henderson